**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES SAMATAS, | ) | Chapter 7 |
| | ) | Case No. 20-17355 |
| Debtor. | ) | |
| | ) | Hon. Janet S. Baer |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| FRANK J. KOKOSZKA, CHAPTER 7 | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 21 A 237 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES SAMATAS DISCRETIONARY TRUST | ) | |
| U-A-D 9/8/88, JAMES SAMATAS, not | ) | |
| individually, but in his capacity as Co-Trustee of | ) | |
| the James Samatas Discretionary Trust u/t/a dated | ) | |
| 9/8/88, CRAIG LABUS, not individually, but | ) | |
| in his capacity as Co-Trustee of the James Samatas | ) | |
| Discretionary Trust u/t/a dated 9/8/88 and JAMES | ) | |
| SAMATAS | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF MOTION FOR PRELIMINARY INJUNCTION**

TO:   See Attached Service List

PLEASE TAKE NOTICE THAT ON **January 12, 2022, at 1:00 p.m.,** or as soon thereafter as Counsel may be heard, I will appear before the **Honorable Judge Janet S. Baer**, or any Judge sitting in her stead, and present the attached Plaintiff-Trustee's Motion for Preliminary Injunction.

**This motion will be presented and heard telephonically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must do one of the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

1

**Meeting ID and password**. The meeting ID for this hearing is **161 500 0972** and the password is **726993**. The meeting ID and password can also be found on the Judge's page on the Court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Thomas E. Springer
Joshua D. Greene
Springer Larsen Greene, LLC
300 S. County Farm Road, Ste. G
Wheaton, IL 60187
630-510-0000

**CERTIFICATE OF SERVICE**

I, Joshua D. Greene, an attorney, on oath state that I caused to be served this Notice and proposed Order by mailing and/or electronically serving where available a copy to all parties shown and depositing same in the U.S. Mail at 300 S. County Farm Road, Wheaton Illinois before 5:45 p.m. on <u>January 7, 2022</u> with proper postage prepaid.

/s/ Joshua D. Greene /s/

## Service List

*Via Electronic Service:*
**All parties entitled to ECF Notification through the U.S. Bankruptcy Court, Northern District of Illinois, including but limited to:**

Patrick S. Layng, Esq.
United States Trustee
219 South Dearborn Street
8th Floor
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Ariel Weissberg
Weissberg & Associates, Ltd
564 W. Randolph Street
2nd Floor
Chicago, IL 60661
Counsel for James Samatas, individually and as
Trustee of the James Samatas Discretionary Trust

**Via United States Mail**

Craig Labus, Co-Trustee of the James
Samatas Discretionary Trust
20940 South Franklin Square Road
Frankfort, IL 60423
Via Federal Express Overnight

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES SAMATAS, | ) | Chapter 7 |
| | ) | Case No. 20-17355 |
| Debtor. | ) | |
| | ) | Hon. Janet S. Baer |
| _____ | ) | |
| FRANK J. KOKOSZKA, CHAPTER 7 | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 21 A 237 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES SAMATAS DISCRETIONARY TRUST | ) | |
| U-A-D 9/8/88, JAMES SAMATAS, not | ) | |
| individually, but in his capacity as Co-Trustee of | ) | |
| the James Samatas Discretionary Trust u/t/a dated | ) | |
| 9/8/88, CRAIG LABUS, not individually, but | ) | |
| in his capacity as Co-Trustee of the James Samatas | ) | |
| Discretionary Trust u/t/a dated 9/8/88 and JAMES | ) | |
| SAMATAS | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF-TRUSTEE'S MOTION FOR PRELIMINARY INJUNCTION

NOW COMES the Plaintiff herein, Frank J. Kokoszka, Trustee for the Bankruptcy Estate of James Samatas, by and through counsel, Springer Larsen Greene, LLC, pursuant to Federal Rule of Civil Procedure 65, incorporated herein by Federal Rule of Bankruptcy Procedure 7065 and respectfully requests that the court enter a preliminary injunction prohibiting the Debtor or any Trustee of the James Samatas Discretionary Trust (the "Discretionary Trust"), including any agents, from transferring, encumbering or otherwise dissipating any assets of the Discretionary Trust, entering an order directing that any proceeds of any sale of stock owned by the

4

Discretionary Trust be placed into a segregated escrow account pending further order of court. In support hereof, Plaintiff respectfully states to the Court as follows:

### BACKGROUND

1. On September 21, 2020, the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") under 11 U.S.C. §101 et. seq

2. The case was converted to chapter 7 on March 8, 2021. Frank J. Kokoszka ("Trustee") was appointed as Chapter 7 Trustee and continues to serve in that capacity

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

4. On December 20, 2021, Trustee filed the present complaint (the "Complaint") against the James Samatas Discretionary Trust u/a/d dated 9/8/88, the Debtor and Craig Labus as Co-Trustees of the Trust, seeking, among other things, an order finding that the assets of the Discretionary Trust are property of the bankruptcy estate, or in the alternative, that the Discretionary Trust is an alter ego of the Debtor.

5. Generally, the Complaint alleges that the Debtor has complete dominion and control over the assets of the Discretionary Trust as evidenced by:

-The lack of any communication between Debtor and Craig Labus, the Co-Trustees of the Discretionary Trust with respect to the operations of the Discretionary Trust or distribution of its assets;

-The Discretionary Trust's bank account statements reflect dozens of charges for the personal living expenses of Debtor and the Debtor's admitted use of a debit card. *Complaint at ¶41-42; Exhibit K*;

-The Debtor's admission at the meeting of creditors that he did not list the Discretionary Trust as a creditor in the bankruptcy case because he considered the Discretionary Trust to be his alter ego. *Complaint at ¶18, Exhibit C*;

-Debtor's grant of UCC liens on Discretionary Trust assets and guaranty of Discretionary Trust to various personal creditors without the consent of Co-Trustee Labus. *Complaint at ¶64-67, Exhibits Q-R*;

-Debtor caused the Discretionary Trust to make several million dollars in loans to himself, then executed a waiver of claim on behalf of the Discretionary Trust, forgiving millions of debt due and owing to the Discretionary Trust, which essentially amounted to a distribution of the trust assets. *Complaint at ¶52-63, Exhibits N-O*;

6. Counts I and II of the Complaint seek declarations that the assets of the Discretionary Trust are property of the bankruptcy estate, or in the alternative, that the Discretionary Trust is an alter ego of the Debtor. Count V of the Complaint contains a prayer for injunctive relief, requesting that the court prohibit any transfer of assets from the Discretionary Trust until the court determines whether the assets are property of the bankruptcy estate.

7. The Trustee previously filed a Motion for Temporary Restraining Order, which was denied by the court on January 5, 2022. However, the court left open the possibility of having an evidentiary hearing as to whether a preliminary injunction should issue. By this motion, Trustee requests that the court set an evidentiary hearing on a preliminary injunction.

**WHEREFORE,** the Trustee respectfully requests this Court set an evidentiary hearing as to whether the court should enter a preliminary injunction prohibiting the Debtor and any trustee of the Discretionary Trust from transferring or encumbering any assets of the Discretionary

Trust, setting the matter for further hearing, and such other and further relief as this Court deems just and equitable.

DATE: January 7, 2022                    Respectfully Submitted,
                                         Frank J. Kokoszka, Trustee

                                         By:    /s/ Joshua D. Greene
                                                One of his Attorneys

Joshua D. Greene
Springer Larsen Greene, LLC
300 South County Farm Rd.
Suite G
Wheaton, IL 60187
(630) 510-0000
Fax: (630) 510-0004
jgreene@springerbrown.com